UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERT KRANZ
2170 South Sanctuary Drive
New Berlin, Wisconsin 53151

      Plaintiff,

v.                                Case No.: 15-cv-236

SHELTER FORM THE STORM ROOFING, INC.     **JURY TRIAL DEMANDED**
5826 Shannon Road
Hartford, Wisconsin 53027

      Defendant.

## COMPLAINT

COMES NOW Plaintiff, Robert Kranz, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### Jurisdiction

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin and therefore venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**Parties and Coverage**

4. Plaintiff, Robert Kranz, is an adult male resident of the State of Wisconsin residing in Waukesha County with a post office address of 2170 South Sanctuary Drive, New Berlin, Wisconsin 53151.

5. Defendant, Shelter From The Storm Roofing, Inc., was, at all material times herein, a Wisconsin corporation with a principal office address of 5826 Shannon Road, Hartford, Wisconsin 53027.

6. Defendant provides roofing, siding, gutter, and window services throughout the State of Wisconsin.

7. Defendant maintains a satellite location, located at 2838 North Brookfield Road, Brookfield, Wisconsin 53045. Defendant also maintains another location at 10240 West National Avenue, Suite 119, West Allis, Wisconsin 53227.

8. Defendant is engaged in "commerce" and/or its employees are engaged in "commerce," as that term is defined in 29 U.S.C. § 203(b).

9. During Mr. Kranz's employment at Defendant, its annual dollar volume of sales or business exceeded $500,000.

10. Defendant is owned and operated by Jean M. Csizmadia.

11. Frank Csizmadia, Jean M. Csizmadia's husband, is Defendant's Chief Executive Officer.

**Defendant Failed To Compensate Mr. Kranz With Overtime Pay**

12. During Mr. Kranz's employment with Defendant, it compensated Mr. Kranz on an hourly basis.

13. During Mr. Kranz's employment with Defendant, it did not compensate Mr. Kranz's on a salary basis.

14. During Mr. Kranz's employment at Defendant, it employed Mr. Kranz as a full-time (forty hours per week) non-exempt employee.

15. In approximately September 2008, Defendant hired Mr. Kranz as a Manager.

16. During Mr. Kranz's employment with Defendant and in his position as a Manager, his job duties and/or job responsibilities included managed projects at Defendant and performed duties such as tiling, roofing, and interior remodeling.

17. During Mr. Kranz's employment with Defendant as a Manager, his normal or customary days of work were usually Monday through Friday, approximately 6:00 a.m. to 4:30 p.m. depending on the work that needed to be performed.

18. During Mr. Kranz's employment with Defendant as a Manager, he worked weekends at Defendant only occasionally and as necessary.

19. Mr. Kranz is currently employed by Defendant.

20. During Mr. Kranz's employment with Defendant as a Manager, Defendant's workweek was Sunday through Saturday.

21. During Mr. Kranz's employment with Defendant as a Manager, Defendant compensated Mr. Kranz on a bi-weekly basis via paycheck.

22. During Mr. Kranz's employment with Defendant as a Manager, he frequently worked in excess of forty (40) hours per week.

23. During Mr. Kranz's employment with Defendant as a Manager from the years 2008 through 2013, Defendant's employees, including Mr. Kranz, recorded their hours worked at Defendant via handwritten, paper timesheets. Defendant's employees, including Mr. Kranz, left their completed timesheets in Defendant's office and Defendant collected the timesheets and recorded the employees' time into its payroll system.

24. During Mr. Kranz's employment with Defendant as a Manager from the year 2014 through the present date, including Mr. Kranz, recorded their hours worked at Defendant via a phone application which was synced to Defendant's payroll system.

25. During Mr. Kranz's employment at Defendant, Defendant suffered or permitted Mr. Kranz to work without appropriately compensating him for each hour worked.

26. During the year 2012, Defendant compensated Mr. Kranz at an hourly rate of $28.50 per hour.

27. During the year 2012, Defendant did not compensate Mr. Kranz with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

28. During the year 2012, all hours worked by Mr. Kranz at Defendant were reflected on Mr. Kranz's paychecks issued to him by Defendant on a bi-weekly basis.

29. During the year 2013, Defendant compensated Mr. Kranz at an hourly rate of $28.50 per hour.

30. During the year 2013, Defendant did not compensate Mr. Kranz with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

31. During the year 2013, all hours worked by Mr. Kranz at Defendant were reflected on Mr. Kranz's paychecks issued to him by Defendant on a bi-weekly basis.

32. From January 1, 2014 to September 13, 2014, Defendant compensated Mr. Kranz at an hourly rate of $28.50 per hour.

33. From September 14, 2014 to the present date, Defendant compensated Mr. Kranz at an hourly rate of $29.50 per hour.

34. From January 1, 2014 to July 19, 2014, Defendant did not compensate Mr. Kranz with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

35. During Defendant's pay period from July 20, 2014 to August 2, 2014, Defendant compensated Mr. Kranz with overtime pay, but at a rate of one-half his hourly rate for each hour he worked in excess of forty (40) hours each workweek – as opposed to at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

36. During Defendant's pay period from July 20, 2014 to August 2, 2014 and when Defendant compensated Mr. Kranz with overtime pay, Mr. Kranz did nothing different regarding reporting his time worked as compared to the pay periods or workweeks from the year 2012 through the year 2014 when Defendant did not compensate Mr. Kranz with overtime pay for all hours worked.

37. From August 3, 2014 to the present date, Defendant did not compensate Mr. Kranz with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

38. During the year 2014, all hours worked by Mr. Kranz at Defendant were reflected on Mr. Kranz's paychecks issued to him by Defendant on a bi-weekly basis.

39. During Mr. Kranz's employment with Defendant, Defendant compensated him at an hourly rate of pay for all hours worked as reflected on Mr. Kranz's paychecks issued to him by Defendant on a bi-weekly basis.

40. During Mr. Kranz's employment with Defendant, Mr. Kranz's paychecks did not properly or legally compensate him for all hours worked.

41. During Mr. Kranz's employment with Defendant, it suffered or permitted him to work without appropriately and legally compensating him for each hour worked.

42. For the calendar year 2012, Mr. Kranz worked a total of approximately 184.45 hours of in excess of forty (40) hours each workweek.

43. For the calendar year 2012, Mr. Kranz worked a total of approximately 184.45 hours of overtime.

44. For the calendar year 2012, Defendant owes Mr. Kranz approximately $2,628.41 of unpaid wages at an overtime rate of pay of time and one half for work Defendant suffered or permitted him to perform during his employment with it.

45. For the calendar year 2013, Mr. Kranz worked a total of approximately 95 hours in excess of forty (40) hours each workweek.

46. For the calendar year 2013, Mr. Kranz worked a total of approximately 95 hours of overtime.

47. For the calendar year 2013, Defendant owes Mr. Kranz approximately $1,353.75 of unpaid wages at an overtime rate of pay of time and one half for work Defendant suffered or permitted him to perform during his employment with it.

48. For the calendar year 2014, Mr. Kranz worked a total of approximately 73 hours of in excess of forty (40) hours each workweek.

49. For the calendar year 2014, Mr. Kranz worked a total of approximately 73 hours of overtime.

50. For the calendar year 2014, Defendant owes Mr. Kranz approximately $1,149.75 of unpaid wages at an overtime rate of pay of time and one half for work Defendant suffered or permitted him to perform during his employment with it.

51. Upon information and belief and during Mr. Kranz's employment with Defendant, Mr. Kranz was the only employee at Defendant whom it did not compensate with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek.

52. Upon information and belief and during Mr. Kranz's employment with Defendant, it compensated other employees with overtime pay at a rate of time and one half for each hour worked in excess of forty (40) hours each workweek.

53. During Mr. Kranz's employment with Defendant, Jean M. Csizmadia, Frank Csizmadia, and/or Jena Roskopf, Office Manager, knew or should have known that Mr. Kranz must be compensated with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek in accordance with the FLSA.

54. During Mr. Kranz's employment with Defendant, he had conversations with Frank Csizmadia regarding Defendant's failure to compensate him with overtime pay at a rate of time and one half for each hour he worked in excess of forty (40) hours each workweek. Csizmadia acknowledged this but simply refused to properly and legally compensated Mr. Kranz with overtime pay in accordance with the FLSA.

## FIRST CAUSE OF ACTION – FLSA OVERTIME PAY VIOLATIONS

55. Mr. Kranz re-alleges and incorporates paragraphs 1-54 of this Complaint by reference.

56. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in Section 203(b) of the FLSA.

58. At all times material herein, Defendant was an employer as provided under the FLSA.

59. At all times material herein, Mr. Kranz was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

60. At all times material herein, Mr. Kranz was an employee of Defendant as provided under the FLSA.

61. Defendant violated the FLSA by not compensating Mr. Kranz with overtime premium pay of time and one half for each hour she worked in excess of forty (40) hours each workweek.

62. During Mr. Kranz's employment with Defendant, it intentionally violated 29 U.S.C. § 215(a) by failing to compensate Mr. Kranz with overtime pay at a rate of time and one half for each hour she worked in excess of forty (40) hours each workweek.

63. Defendant's failure to properly and legally compensate Mr. Kranz for all compensable work time was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Kranz is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Mr. Kranz is entitled to an award of pre-judgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by from Mr. Kranz by Defendant.

65. Mr. Kranz is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

66. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

67. Mr. Kranz re-alleges and incorporates paragraphs 1-66 of this Complaint by reference.

68. At all times material herein, Mr. Kranz was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

69. At all times material herein, Defendant was an employer of Mr. Kranz within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

70. At all times material herein, Defendant employed Mr. Kranz within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

71. During Mr. Kranz's employment at Defendant, he worked overtime hours for which he was not paid time and one half.

72. At all times material herein, Mr. Kranz regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at an overtime rate of pay at time and one half.

73. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

74. Defendant willfully violated the WWPCL by failing to compensate Mr. Kranz at time and one half for each hour of overtime he worked.

75. As set forth above, Mr. Kranz sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Kranz seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Kranz may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

76. Mr. Kranz seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by reimbursing him for unpaid overtime wages for all times spent performing compensable work for which he was not properly paid at the rate of time and one half as provided for by the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs and disbursements as provided by statute;

3. Grant to the Plaintiff liquidated damages against the Defendant; and

4. Grant to the Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 2nd day of March, 2015.

>WALCHESKE & LUZI, LLC
>Counsel for Plaintiff

>**s/ *Scott S. Luzi*_____**
>James A. Walcheske, State Bar No. 1065635
>Scott S. Luzi, State Bar No. 1067405
>Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com